WM. M. GABB, RESPONDENT, *v.* GEO. C. KING, APPELLANT.

PROMISSORY NOTE.—A written instrument, containing a promise to pay a sum of money upon a contingency, and not *absolutely,* is not a promissory note.

CONTRACT—CONSTRUCTION OF.—K., by an instrument in writing, promised to pay G. a sum of money on the sale of a certain mine, "for services rendered in the sale of said mine." *Held,* that the consideration consisted of past and not of future services.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The suit was brought on the following instrument :

·'SAN FRANCISCO, Aug. 26, 1865.

"On the sale of the Baker Mine, situated near Lincoln, Placer Co., Cal., I promise to pay to Wm. M. Gabb, for services rendered in assisting in the sale of said mine, by

report or otherwise, the sum of two thousand five hundred dollars, gold coin of the United States, provided such sale shall be made within twelve months from the above date.

"G. C. KING."

There was judgment for the plaintiff, and the defendant appealed.

*Porter & Holladay,* for Appellant.

*Jos. W. Winans,* for Respondent.

RHODES, J., delivered the opinion of the Court:

The instrument sued upon is set out in the complaint, and is there denominated a promissory note; but it is clear from an inspection of it that it is not a promissory note, for it does not contain an *absolute* promise to pay the money, but the payment is made to rest upon a contingency—the sale of the mine within one year from the date of the instrument. It is immaterial, however, for the purposes of the action, whether it is a promissory note or a contract of a different character.

The only question of importance in the case—and this does not appear to us to present any serious difficulty— arises upon the construction of the clause of the instrument which recites the considerations of the defendant's promise. The clause reads as follows: "For services rendered in assisting in the sale of said mine, by report or otherwise;" and the question is whether the reference is to past or future services. If the parties contemplated future services to be rendered by the plaintiff, the words were certainly very inapt to express that idea. Had they used the words "services to be rendered," the meaning would have been clear; but the words "services rendered," without any qualifying words, necessarily import that the services had been performed. There is no agreement on the part of the plaintiff to perform services in respect to the sale of the mine; and had such been the intention of the parties, it is unaccountable that, while the plaintiff was exacting an agreement in

writing for the payment of his compensation, the defendant should not have taken from the plaintiff an agreement for the performance of the services on his part, specifying both the nature and extent of the services. If future services were intended, the plaintiff would be entitled, as the contract now stands, to the full amount of the stipulated compensation, upon the performance of the slightest service in assisting to effect a sale of the mine, if sold within a year. We agree with the District Judge, in holding that the consideration mentioned in the contract consisted of past services.

Judgment affirmed.